UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JARIBU IGWE MUTOPE, | : |
| | : |
| Petitioner | : |
| | : |
| v. | : CIVIL NO. 3:CV-07-472 |
| | : |
| PENNSYLVANIA BOARD OF | : (Judge Kosik) |
| PROBATION AND PAROLE, | : |
| | : |
| Respondent | |

**M E M O R A N D U M**

Jaribu Igwe Mutope, an inmate currently confined at the State Correctional Institution at Greene, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Along with his petition he has submitted a motion seeking leave to proceed in forma pauperis in this matter. (Doc. 2). Named as Respondent is the Pennsylvania Board of Probation and Parole ("Parole Board"). In the petition, Mutope contends that the Parole Board has denied him parole on four occasions in violation of his due process and equal protection rights. He specifically challenges the Parole Board's requirement that he submit an inmate version of his offense and their failure to find it acceptable. For the reasons that follow, the motion

to proceed in forma pauperis (Doc. 2) will be granted[1] and the petition denied.

**Background**

Petitioner is serving a criminal sentence of 6 to 22 years imposed by the Court of Common Pleas of Lebanon County, Pennsylvania. He has been denied parole on four (4) occasions. On May 26, 2004, following an interview with Petitioner and a review of his file, the Parole Board rendered a decision to deny parole. The reasons set forth for doing so were as follows: Petitioner's version of the nature and circumstances of the offense(s) committed; his refusal to accept responsibility for the offense(s); and his institutional behavior, including reported misconducts or CCC failure. (Doc. 1, Ex. B.) He was informed that he would next be reviewed in or after October, 2004 and at the next interview the Board would review his file and also consider whether he maintained a favorable recommendation for parole from the DOC and whether he maintained a clear conduct record and completed a written detailed version of his offenses.

On October 25, 2004, Petitioner again received a parole review. Parole was denied based upon an interview and a file review. The following reasons were provided for the denial: Petitioner's version of the nature and circumstances of the

---

[1] Along with his motion to proceed in forma pauperis, Petitioner submits a certified statement from an official at SCI-Greene which reveals that Petitioner's current balance in his inmate account is $1.94. In the past six (6) months, he has only had an average balance of $13.10. Based on these figures, Petitioner will be granted in forma pauperis status in this action.

2

offense(s) committed; the recommendation made by the DOC; and Petitioner's interview with the Hearing Examiner and/or Board Member. (Id., Ex. C.)  His next review was scheduled for in or after October, 2005, where his file and the following factors would be considered by the Board: whether Petitioner has successfully completed a treatment program; whether a favorable recommendation for parole has been received from the DOC; and whether a clear conduct record had been maintained and DOC prescriptive programs had been completed.

A third parole review following an interview and file review was recorded on January 30, 2006.  Parole was denied based upon the following grounds: Petitioner's minimization/denial of the nature and circumstances of the offense(s); the refusal to accept responsibility for the offense(s) committed; and the reports, evaluations and assessments concerning Petitioner's mental and behavior condition and history that reflects ongoing risk to the community. (Id., Ex. D.)  Petitioner was informed he would be reviewed again in or after October of 2006 and considerations on the next review would include whether he successfully completed a treatment program for advanced anger management (if available), whether Petitioner maintained a favorable DOC recommendation for parole and whether he maintained a clear conduct record and completed DOC prescriptive programs.

The fourth parole review and denial was recorded on November 9, 2006.  The reasons provided for the denial of parole were as follows: Petitioner's

minimization/denial of the nature and circumstances of the offense(s) committed; the refusal to accept responsibility for the offense(s) committed; the lack of remorse for the offense(s) committed and Petitioner's institutional behavior, including reported misconducts or community corrections residency failure. (Doc. 1, Ex. E.)  The Board informed Petitioner that he would be reviewed again in or after October 2007, and the following factors, in addition to his file, would be considered: whether he maintained a favorable recommendation for parole from the DOC and whether he has received a clear conduct record and completed the DOC's prescriptive program(s).

In his pending petition for writ of habeas corpus, Petitioner contends that his due process and equal protection rights are being violated by the Parole Board in denying him parole because it has no authority to require inmates to submit an inmate version of their offense(s) to be considered for parole.  He argues that all four parole denials were based upon his inability to provide a "sufficient" inmate version/lack of remorse to meet the Board's "expectations."  (Doc. 1, Pet. at 3A.)  As relief, Petitioner seeks to be considered for parole after four (4) tries and three and a half (3½) years.

**Discussion**

Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) provides authority for the summary dismissal of a petition.  Rule 4 provides, in

4

pertinent part: "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970); accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991). The Allen court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." 424 F.2d at 141.

  The gravamen of the instant petition is the Parole Board's alleged violation of Petitioner's due process rights in denying him parole on the basis that the Board's actions were arbitrary, capricious and an abuse of discretion. The court disagrees. The Due Process Clause applies only when the government deprives a person of liberty or property. "[T]here is no constitutional or inherent right to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Correctional Complex, 442 U.S. 1, 7 (1979). Additionally, while a state may create a liberty interest which is protected by the Due Process Clause, see Sandin v. Connor, 515 U.S. 472, 484 (1995), Pennsylvania has created no such interest within its discretionary parole system. See Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996).

5

Instead, parole is considered to be "a matter of grace and mercy shown to a prisoner who has demonstrated to the Parole Board's satisfaction his future ability to function as a law-abiding member of society upon release before the expiration of the prisoner's maximum sentence." See Rogers v. Pennsylvania Bd. of Probation and Parole, 724 A.2d 319, 322-23 (Pa. 1999). There simply is no constitutionally protected liberty interest in the expectation of being paroled. As such, the denial of parole itself cannot constitute a procedural due process violation inasmuch as there is no liberty interest in parole release. Thus, any such claim by Petitioner is wholly without merit.

A parole denial can, however, give rise to a substantive due process deprivation if it is based on constitutionally impermissible reasons. See Burkett v. Love, 89 F.3d at 139-140. The Board may not base a parole decision on factors bearing no rational relationship to the interests of the Commonwealth. Id. citing Block v. Potter, 631 F.2d 236 (3d Cir. 1980). Even though the granting of parole is discretionary, the Parole Board cannot act in a manner which is arbitrary. See Hargrove v. Pennsylvania Bd. of Probation and Parole, Civ. No. 99-1910, 1999 WL 817722, *7 (E.D. Pa. Oct. 12, 1999). Federal courts, however, "are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001). A substantive due process violation will be found

where the Parole Board grounds its actions on "constitutionally impermissible reasons." Burkett at 139-140. In the instant case, there is nothing in the record to suggest that the Board based its denials of parole on unconstitutional grounds. Rather, the record reveals that a rational basis for the challenged decisions does exist.

The reasons as set forth by the Parole Board in each of its decisions denying parole are not outside the Board's discretion which is very broad. Petitioner specifically challenges the Board's requirement of and apparent dissatisfaction with the inmate version submitted by Petitioner. This requirement, as well as each of the other factors outlined by the Parole Board in considering Petitioner for release on parole, were permissible. Further, Petitioner does not set forth any arguments that the reasons cited by the Board in denying parole were constitutionally impermissible reasons. On each occasion, the Board advised Petitioner as to what considerations would be examined by the Board for the next parole review.

As previously stated, the Board may not base a parole decision on factors bearing no rational relationship to the interests of the Commonwealth. Burkett, 89 F.3d at 139-40. "Essentially, the duty of the parole board when reviewing applications for parole is to act in a manner that avoids making the parole process arbitrary, even though the granting of parole is a discretionary matter. . . ." See Hargrove 1999 WL 817722, at *7. Pennsylvania law grants the Board a large measure of discretion in parole decisions. Permissible considerations include the

7

conduct of the inmate when in prison and his physical, mental and behaviorial condition and history. The Board set forth the reasons supporting its denials and it cannot be said that they are arbitrary reasons not in the best interests of the inmate and rationally related to the legitimate interests of the Commonwealth.

While it is not this court's function to second-guess the decisions of the Parole Board, we will address the following arguments raised by Petitioner. Petitioner challenges the Board's requirement that he prepare an inmate version which is taken into consideration when making a parole decision. The inmate versions submitted by Petitioner have apparently failed to convince the Board that Petitioner's version is accurate, that he has taken responsibility for his offense and/or that he has remorse for his actions. These are all considerations well within the realm of the Board's discretion.

Petitioner further appears to argue that he currently has a favorable DOC recommendation for parole and has completed required institutional programs. Even accepting these assertions as true, they are but two factors considered by the Board in making a decision as to whether to grant parole. According to Petitioner's last parole review conducted in November of 2006, the reasons given for parole denial focused on Petitioner's minimization/denial of the nature and circumstances of his conduct, his refusal to accept responsibility and his lack of remorse and his institutional behavior which included reported misconducts or community corrections residency

8

failure. (Doc. 1, Ex. E.) In this Notice of Board Decision, the Board states that during Petitioner's next parole review, one of the considerations will be whether Petitioner has <u>maintained</u> a favorable recommendation from the DOC, thereby evidencing that the Board did take into consideration the favorable recommendation Petitioner apparently had at the time of the November 2006 review. However, as previously stated, the favorable recommendation is but one consideration. Further, the door to release on parole in the future is not closed for Petitioner. In the latest parole denial the Board specifically states that Petitioner will receive another review in or after October of 2007.[2]

For all of the foregoing reasons, the instant petition for writ of habeas corpus will be denied. An appropriate Order follows.

---

[2] To the extent Petitioner attempts to set forth an equal protection argument, the court finds the petition void of any facts which would support such a claim. The Parole Board's requirement that inmates submit an inmate version appears to apply across the board to all Pennsylvania inmates. There are no facts asserted to the contrary.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JARIBU IGWE MUTOPE,                  :
                                     :
        Petitioner                   :
                                     :
    v.                               :   CIVIL NO. 3:CV-07-472
                                     :
PENNSYLVANIA BOARD OF                :   (Judge Kosik)
PROBATION AND PAROLE,                :
                                     :
        Respondents

# O R D E R

**NOW, THIS 19th DAY OF MARCH, 2007,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's motion to proceed in forma pauperis (Doc. 2) is **granted**.

2. The petition for writ of habeas corpus is **denied**.

3. The Clerk of Court is directed to **close this case**.

4. There is no basis for the issuance of a certificate of appealability in this matter.

                                   s/Edwin M. Kosik
                                   United States District Judge